UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MEI-JUI LIN, DAVID PETERSON, for themselves and others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>MICHAEL KENNEWICK, an individual; RICHARD KENNEWICK, an individual; ROBERT KENNEWICK, an individual; ARNOLD GIA-SHUH JANG, an individual; TODD KENCK, an individual; and VOICEBOX TECHNOLOGIES CORPORATION, a Delaware corporation, | Case No. _____<br><br>**NOTICE OF REMOVAL**<br><br>**King County Superior Court Case No. 19-2-02157-8 SEA**<br><br>**CLERK ACTION REQUIRED** |

**TO:   UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON**

Defendants Michael Kennewick, Richard Kennewick, Robert Kennewick, Arnold Gia-Shu Jang, and Todd Kenck (collectively "Individual Defendants") hereby remove this class action from the Washington State Superior Court of King County to the United States District Court for the Western District of Washington, pursuant to 28 U.S.C.§§ 1332, 1441, 1446, and 1453. In support hereof of this Notice of Removal, and pursuant to 28 U.S.C. § 1446, the Individual Defendants provide the following short and plain statement of the grounds for removal.

NOTICE OF REMOVAL – 1

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

## I. BACKGROUND

**1.** King County Superior Court Case No. 19-2-02157-8 SEA (the "State Court Action") was initially commenced when Plaintiff David Peterson filed a Summons and Complaint on or about January 22, 2019. This Complaint alleged employment-related claims against Defendants VoiceBox Technologies Corporation ("VoiceBox") and Nuance Communications, Inc. ("Nuance") and alleged direct and derivative claims against Michael Kennewick, Richard Kennewick, and Robert Kennewick ("the Kennewicks") for breach of fiduciary duty. Plaintiff then moved to bifurcate his claims against VoiceBox and Nuance from his claims against the Kennewicks. After cross-motions for summary judgment, Peterson's claims against VoiceBox and Nuance were dismissed. True and correct copies of this January 22, 2019 Complaint shall be filed with this Court in conjunction with this Notice, along with all other process, pleadings, and orders served in the State Court Action.

**2.** Plaintiff David Peterson filed a Second Amended Class Action Complaint ("SAC") with the Washington State Superior Court of King County on June 5, 2020, joining new parties and recaptioning the case as *Mei-Jui Lin and David Peterson v. Michael Kennewick*, et al. (King County Superior Court Case No. 19-2-02157-8 SEA). This SAC asserted breach of fiduciary duties and violations of the Washington State Securities Act on behalf of a proposed class against the Kennewicks, VoiceBox, and newly named parties Arnold Gia-Shuh Jang and Todd Kenck. The SAC also added Mei-Jui Lin as a named Plaintiff and an additional class representative. A true and correct copy of the SAC is being filed in conjunction with this Notice.

**3.** Defendants Michael Kennewick, Richard Kennewick, Robert Kennewick (collectively, "the Kennewicks") were served with a copy of the SAC on June 5, 2020. Defendants Arnold Gia-Shu Jang and Todd Kenck accepted service of Summons and SAC through counsel on June 16, 2020. The Individual Defendants are unaware of the status of the

///

NOTICE OF REMOVAL – 2

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

Plaintiffs' service on VoiceBox. A class certification order has not yet been entered in the State Court Action.

## II. PROCEDURAL POSTURE OF INSTANT CASE

**4.** Pursuant to 28 U.S.C. 1446, true and correct copies of all process, pleadings, and orders served upon the Individual Defendants in the State Court Action shall be filed hereto in conjunction with the filing of this Notice, respectively. The Individual Defendants filed a written notice of this removal with the Superior Court of the State of Washington for King County concurrently with the filing of this Notice, and will serve such notice on the Plaintiffs.

**5.** All of the process, pleadings, and orders received by the Kennewicks in this action up to the present time are attached to this Notice as **Exhibit A**. The following pleadings constitute all of the process, pleadings, and orders received by Defendants Arnold Gia-Shu Jang and Todd Kenck in this action up to the present time:

| State Court Docket No. | Date | Description |
|---|---|---|
| Dkt. 171 | 6/5/20 | Plaintiffs' Second Amended Class Action Complaint |
| Dkt. 172 | 6/5/20 | Amended Summons – Plaintiff's Second Amended Class Action Complaint |

## III. WHY THIS MATTER BELONGS IN FEDERAL COURT

**6. Timeliness.** This Notice of Removal is timely in that it is being filed within thirty (30) days of service of Plaintiffs' Second Amended Complaint upon the Kennewicks on June 5, 2020. 28 U.S.C. §§ 1446(b), 1453(b); *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999) (time to remove does not begin to run until proper service of the summons and complaint). It is further timely in that it is being filed within thirty (30) days of service of the Summons and Complaint upon Defendants Arnold Gia-Shu Jang and Todd Kenck on June 16, 2020. This case can be removed more than one year after commencement of the action because this matter is a class action as defined by 28 U.S.C. §§ 1332(d) and 1453(a). Pursuant to

NOTICE OF REMOVAL – 3

Betts Patterson Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

28 U.S.C. § 1453(b), "the one-year limitation under section 1446(c)(1) shall not apply" to the removal of a class action to a district court.

7. Typically, removal requires a defendant file a notice of removal within 30 days of receipt of the initial pleading. 28 U.S.C. § 1446(b)(1). However, if on its face, the initial pleading is not removable, then a notice of removal may be filed within 30 days after receipt by the defendant "of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). "[T]he inquiry begins and ends within the four corners of the pleading. The inquiry is succinct: whether the document informs the reader, to a substantial degree of specificity, whether all the elements of federal jurisdiction are present." *Rowe v. Marder*, 750 F. Supp. 718, 721 (W.D. Pa. 1990), aff'd, 935 F.2d 1282 (3d Cir. 1991). As such, the Ninth Circuit holds that "the 'thirty day time period [for removal] . . . starts to run from defendant's receipt of the initial pleading only when that pleading affirmatively reveals on its face' the facts necessary for federal court jurisdiction." *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 690-691 (9th Cir. 2005), emphasis added. A defendant's subjective knowledge is not a test for notice. *Id.* at 695. If the Court finds this removal untimely, the Court should nevertheless extend the time for removal. The time limitations for removal may be extended "at any time for cause shown." 28 U.S.C. § 1454(b)(2).

8. Pursuant to 28 U.S.C. §§ 1332(d)(8), this Court may assume jurisdiction over this class action before a class certification order is entered in the State Court Action.

9. **Jurisdiction.** This is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and the action is removable pursuant to 28 U.S.C. §§ 1441, 1446, and 1453. This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because: Some Plaintiffs in this action are citizens of a State different than one or more Defendants, members of the purported class are alleged to be citizens of foreign States while

NOTICE OF REMOVAL – 4

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

some Defendants are citizens of a State, and members of the purported class are alleged to be citizens of a State and one or more Defendants are citizens or subjects of a foreign State. This action may be removed without regard to whether any Defendant is a citizen of Washington, pursuant to 28 U.S.C. § 1453(b).

    a.    Plaintiff David Peterson is a resident of North Carolina. SAC, ¶ 2.2.

    b.    Plaintiff Mei-Jui Lin is a resident of Washington. SAC, ¶ 2.1.

    c.    The proposed class members are alleged to be located "throughout Washington, the United States, and Taiwan." SAC, ¶ 4.40.

    d.    Defendant Richard Kennewick is a resident of Washington. SAC, ¶ 2.4.

    e.    Defendant Robert Kennewick is a resident of Washington. SAC, ¶ 2.5.

    f.    Defendant Michael Kennewick is a resident of Washington. SAC, ¶ 2.3.

    g.    Defendant Arnold Gia-Shu Jang is a resident of California, and a citizen or subject of a foreign State. SAC, ¶ 2.7.

    h.    Defendant Todd Kenck is a resident of Washington. SAC, ¶ 2.6.

    i.    Defendant VoiceBox is, and at all material times has been, incorporated under the laws of Delaware. SAC, ¶ 2.9. As a result of the merger, VoiceBox became wholly owned and controlled by Nuance, which is a Burlington, Massachusetts company. On information and belief, VoiceBox no longer operates independently of Nuance and currently has no employees.

    **10.**    **Amount in Controversy.** The amount in controversy is not expressly set forth in Plaintiffs' class action SAC, but alleges that the merger transaction giving rise to their claims totaled "approximately $80 million." SAC, ¶ 4.11. This alleged amount includes "$19 million in total to the Kennewicks" in non-compete payments that Plaintiffs claim were wrongful and unjustified. SAC, ¶¶ 4.17, 4.20, and 4.23. The Individual Defendants therefore believe and allege that the monetary value of the relief Plaintiffs seek in this action exceeds $5,000,000.00, as required by 28 U.S.C. § 1332(d)(2) for the following reasons:

NOTICE OF REMOVAL – 5

Betts Patterson Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

      a.      Plaintiffs' SAC seek relief in the form of "disgorgement by fiduciaries of all gains in connection with the transaction(s) at issue;" and

      b.      Plaintiffs' SAC requests relief of "actual, statutory, exemplary, and compensatory damages" on behalf of class members in an amount that would likely exceed $5,000,000.00 based on the allegations in the SAC.

**11.** **Class Members.** As defined by the SAC, and based on information and belief of the Individual Defendants, the number of potential class members in the aggregate is greater than 100 people. On information and belief, the Individual Defendants allege that two-thirds or less of the members of the proposed Plaintiffs' class in the aggregate are citizens of the State in which the action was originally filed.

**12.** **Nature of the Case.** This class action complaint alleges breach of fiduciary duties and violation of the Washington State Securities Act on behalf of "all common and preferred investors in VoiceBox Technologies Corporation who did not have the opportunity to approve or disapprove the Nuance Transaction and did not release claims relating to the Nuance Transaction." SAC, ¶ 4.38. The principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in Delaware, or were not incurred in the State where the action was originally filed. The securities at issue in the Plaintiffs' claims and allegations have not been and were not, at any relevant time, entered or listed or authorized for listing on a national securities exchange. To the extent that Plaintiffs' claims and allegations may relate to the internal affairs or governance of a corporation or other form of business enterprise, Plaintiffs claims do not arise under or by virtue of the laws of Delaware, the State in which such corporation or business enterprise is incorporated or organized.

**13.** **Co-Defendants Consent to Removal.** The Kennewicks, Arnold Gia-Shu Jang, and Todd Kenck each consent to removal of this action to this District Court. Nevertheless, this

///

NOTICE OF REMOVAL – 6

Betts Patterson Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

action may be removed by any defendant without the consent of all defendants, pursuant to 28 U.S.C. § 1453(b).

14. **Venue and Intradistrict Assignment.** Without waiving arguments that Delaware is a superior and proper forum for Plaintiffs' claims and causes of action, removal to the United States District Court for the Western District of Washington is proper under 28 U.S.C. § 1441 because the SAC was filed in the Superior Court of the State of Washington for King County, which is located within the jurisdiction of this District. Pursuant to LCR 3(d), this case should be initially assigned to the Seattle Division because the State Court Action was captioned to be filed in King County.

## IV.   CONCLUSION

15. Based on the foregoing, the Individual Defendants respectfully request that this action, now pending in the King County Superior Court for the State of Washington, be removed therefrom to this United States District Court for the Western District of Washington, Seattle.

DATED this 1st day of July 2020.

BETTS, PATTERSON & MINES, P.S.


By: */s/Anne Cohen*
    Anne Cohen, WSBA No. 41183
    Email: acohen@bpmlaw.com
    Of Attorneys for Defendants Michael
    Kennewick, Richard Kennewick,
    Robert Kennewick, Arnold Gia-Shuh Jang,
    and Todd Kenck

NOTICE OF REMOVAL – 7

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

# CERTIFICATE OF SERVICE

I hereby certify that on July 1, 2020, the forgoing **NOTICE OF REMOVAL** was electronically filed with the US District Court for the Western District of Washington through the court's EFiling system.

I further certify that on July 1, 2020, I served a copy of the foregoing on:

| | |
|---|---|
| Gregory J. Hollon<br>Curtis C. Isacke<br>McNaul Ebel Nawrot & Helgren PLLC<br>600 University St., Suite 2700<br>Seattle, WA  98101-4151<br>**Fax:  206-624-5128**<br>**Email: ghollon@mcnaul.com**<br>*Of Attorneys for Plaintiff* | Jeremy F. Wood<br>Littler Mendelson PC<br>One Union Square<br>600 University St., Suite 3200<br>Seattle, WA 98101<br>**Fax:  206-447-6965**<br>**Email:  jfwood@littler.com**<br>*Of Attorneys for VoiceBox Technologies Corporation* |

X    Electronically by the court's eFiling system.  Service was accomplished at the party's email address as recorded on the date of service in the eFiling system.
X    By email to the addresses listed above.
___   By facsimile at the telephone number listed above.
___   By mailing a copy thereof, placed in a sealed envelope addressed as listed above and deposited in the United States mail at Portland, Oregon, and that postage thereon was fully prepaid.

> */s/ Carrie J. Cook*
> Carrie J. Cook, CP
> Legal Assistant/Certified Paralegal

NOTICE OF REMOVAL – 8

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988