UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MEI-JUI LIN, et al.,<br><br>    Plaintiffs,<br><br>        v.<br><br>MICHAEL KENNEWICK, et al.,<br><br>    Defendants. | Case No. C20-1029RSL<br><br>ORDER GRANTING<br>PLAINTIFFS' MOTION FOR<br>RELIEF FROM BRIEFING<br>DEADLINES |

This matter comes before the Court on plaintiffs' "Motion for Relief from Briefing Deadlines in Relation to Motions to Transfer and Dismiss." Dkt. #35. The Court, having reviewed the motion, the individual defendants' response, plaintiffs' reply, and the record contained herein, finds as follows:

This litigation commenced in King County Superior Court in 2018. On August 31, 2018, defendants removed the case to federal court based on diversity jurisdiction, and the case was assigned to the Honorable Barbara J. Rothstein, United States District Judge. See Peterson v. Kennewick, No. C18-1302BJR, at Dkt. #1. Plaintiff David Peterson moved to remand the case to state court (see id. at Dkt. #13), and defendants Michael Kennewick, Richard Kennewick, and Robert Kennewick moved to dismiss plaintiff's claims against them (id. at Dkt. #15). On December 13, 2018, Judge Rothstein granted plaintiff's motion to remand and accordingly denied defendants' motion to dismiss for lack of subject matter jurisdiction and as moot. Id. at Dkt. #28. The case was remanded to King County Superior Court.

ORDER GRANTING PLAINTIFFS'
MOTION FOR RELIEF FROM BRIEFING DEADLINES - 1

1   On June 5, 2020, plaintiffs filed the current Second Amended Class Action Complaint
2  ("SAC"), adding plaintiff Mei-Jui Lin and asserting a claim on behalf of class members, and
3  naming Todd Kenck and Arnold Gia-Shuh Jang as additional defendants. Dkt. #1-1.
4  Defendants removed the SAC from King County Superior Court on July 1, 2020. See Dkt. #1.
5  Plaintiffs again move to remand to state court, on the ground that the Court lacks jurisdiction
6  under the Class Action Fairness Act of 2005 ("CAFA"). Dkt. #7. The motion to remand was
7  fully briefed on August 21, 2020, and is currently pending before the Court. On August 20,
8  2020, the individual defendants filed a "Motion to Transfer Venue" to the United States District
9  Court for the District of Delaware (Dkt. #26) and a "Motion to Dismiss" for failure to state a
10 claim (Dkt. #27). Defendants' motions are noted for the Court's consideration on Friday,
11 September 11, 2020.

12  Plaintiffs now move for relief from the briefing deadlines set for defendants' motions to
13 transfer and to dismiss. See Dkt. #35. Plaintiffs assert that the remand motion presents
14 threshold jurisdictional issues that must be addressed before the Court can consider the merits of
15 defendants' motions to transfer and to dismiss. Dkt. #35 at 2. Given the procedural history of
16 this case, and the fact that a remand order would render defendants' motions moot, plaintiffs
17 assert that it would be wasteful and inefficient to fully brief the motions to transfer and to
18 dismiss before the Court rules on the motion to remand. Id. Plaintiffs also contend that,
19 because this federal case is in its nascent stages, no prejudice will accrue to defendants from a
20 short deferral of briefing on the motions to transfer and to dismiss. Id.

21  Defendants oppose plaintiffs' motion for relief. Dkt. #41. They argue that the existing
22 briefing schedule would not waste resources, and assert that the Court would benefit from full

ORDER GRANTING PLAINTIFFS'
MOTION FOR RELIEF FROM BRIEFING DEADLINES - 2

briefing on the motions to transfer and to dismiss when ruling on plaintiffs' motion to remand.[1] Defendants do not articulate how they will be prejudiced by a short delay in the briefing of their motions to transfer and to dismiss.

Having considered the parties' arguments, the unique posture of this case, and the Court's ample discretion to manage its own docket, see Landis v. N. Am. Co., 299 U.S. 248, 254-55 (1936), the Court agrees with plaintiffs that their proposed course of action will best serve the "just, speedy, and inexpensive determination" of these proceedings. See Fed. R. Civ. P. 1. Accordingly, plaintiffs' "Motion for Relief from Briefing Deadlines in Relation to Motions to Transfer and Dismiss" (Dkt. #35) is GRANTED.  IT IS HEREBY ORDERED that the noting dates and remaining briefing deadlines for defendants' "Motion to Transfer Venue" (Dkt. #26) and "Motion to Dismiss" (Dkt. #27) are STRICKEN pending the Court's Order on plaintiffs' "Motion to Remand" (Dkt. #7).  If the Court denies plaintiffs' Motion to Remand, the Motion to Transfer Venue (Dkt. #26) and Motion to Dismiss (Dkt. #27) shall be re-noted for the Court's consideration on the third Friday following the date of the Order denying the Motion to Remand, with attendant briefing deadlines as set forth in LCR 7(d)(3).

IT IS SO ORDERED.

//

//

---

[1] Defendants urge the Court to deny plaintiffs' motion for relief on the ground that they have raised arguments as to the "futility of remand" in their response to plaintiffs' motion to remand. See Dkt. #41 at 6-8. Defendants imply that the arguments raised in their motion to dismiss could be relevant to the Court's ruling on the motion to remand. The Court declines to deny plaintiffs' requested relief on this basis. First, as plaintiffs point out, the Ninth Circuit has called the "remand futility" rule into question. See Polo v. Innoventions Int'l, LLC, 833 F.3d 1193, 1197 (9th Cir. 2016) (citing Bell v. City of Kellogg, 922 F.2d 1418, 1425 (9th Cir. 1991)) ("However, the Bell rule has been questioned, and may no longer be good law.  Importantly here, even if it remains good law, remand would not be futile under the Bell standard.")  Additionally, as plaintiffs note, jurisdiction is not at issue in defendants' motions to dismiss or to transfer venue.  Defendants' reliance on Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574 (1999) is accordingly misplaced.  Id. at 587-88 (finding no abuse of discretion in district court deciding "straightforward personal jurisdiction issue presenting no complex question of state law" before ruling on motion to remand based on lack of subject matter jurisdiction).

1    DATED this 4th day of September, 2020.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING PLAINTIFFS'
MOTION FOR RELIEF FROM BRIEFING DEADLINES - 4