# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

MEI-JUI LIN et al.,

    Plaintiffs,

v.

MICHAEL KENNEWICK, et al.,

    Defendants.

Case No. C20-1029RSL

ORDER REGARDING
MOTION TO REMAND

## I. INTRODUCTION

This matter comes before the Court on plaintiffs' "Motion to Remand to State Court" (Dkt. # 7). The Court has reviewed the parties' submissions.[1] For the reasons discussed below, the Court GRANTS plaintiffs' motion to remand to state court and DENIES plaintiffs' request for attorney's fees and costs.

## II. BACKGROUND

This litigation commenced in King County Superior Court in 2018. On August 31, 2018, defendants removed the case to federal court based on diversity jurisdiction, and the case was assigned to the Honorable Barbara J. Rothstein, United States District Judge. See Peterson v. Kennewick, No. C18-1302BJR, at Dkt. # 1. Plaintiff David Peterson moved to remand the case to state court (id. at Dkt. # 13), and defendants Michael Kennewick, Richard Kennewick, and Robert Kennewick moved to dismiss plaintiff's claims against them (id. at Dkt. # 15). On December 13, 2018, Judge Rothstein granted plaintiff's motion to remand and accordingly

---

[1] The Court finds this matter suitable for disposition without oral argument.

ORDER REGARDING MOTION
TO REMAND - 1

denied defendants' motion to dismiss for lack of subject matter jurisdiction and as moot. Id. at Dkt. # 28. The case was remanded to King County Superior Court.

On June 5, 2020, plaintiff David Peterson filed the current Second Amended Class Action Complaint ("SAC"), adding plaintiff Mei-Jui Lin and asserting a claim on behalf of class members, and naming Todd Kenck and Arnold Gia-Shuh Jang as additional defendants. Dkt. # 1-1 ("SAC"). Defendants Michael Kennewick, Richard Kennewick, Robert Kennewick, Arnold Gia-Shuh Jang, and Todd Kenck (collectively, the "defendants"[2] hereinafter) removed the SAC from King County Superior Court on July 1, 2020. See Dkt. # 1. Plaintiffs move to remand to state court, on the ground that this Court lacks jurisdiction under the Class Action Fairness Act of 2005.[3] Dkt. # 7. Defendants filed motions to seal exhibits related to their opposition to plaintiffs' motion to remand. Dkts. # 16, # 33. Plaintiffs do not oppose these motions to seal,[4] and the Court finds that compelling reasons warrant sealing the designated documents (Dkts. # 19, # 20, # 21, # 22, # 34). Accordingly, the Court hereby GRANTS defendants' motions to seal (Dkts. # 16, # 33).

Plaintiffs' motion to remand (Dkt. # 7) presents two key issues for the Court to address: (1) whether the Court should remand the SAC to King County Superior Court; and (2) if the Court does remand the SAC, whether the Court should impose an award of fees and costs.

---

[2] The Court observes that although VoiceBox Technologies Corporation is currently listed a defendant in this action, it did not join the notice of removal. All defendants who have been "properly . . . served in the action" must join a petition for removal. 28 U.S.C. § 1441(b)(2). The non-VoiceBox defendants stated in the notice of removal that they were "unaware of the status of the Plaintiffs' service on VoiceBox." Dkt. # 1 ¶ 3. Plaintiffs' motion to remand noted that "Voicebox has not appeared and did not participate in the removal of this action." Dkt. # 7 at 4 n.1. Given that plaintiffs have not argued that removal was procedurally defective, and that the Court concludes that the SAC is not removable under CAFA, see infra Section III.C., the Court need not further address this issue.

[3] The Court previously granted plaintiffs' request to stay briefing on defendants' "Motion to Transfer Venue" (Dkt. #26) and "Motion to Dismiss" for failure to state a claim (Dkt. #27) pending resolution of plaintiffs' motion to remand. Dkt. # 47. Plaintiffs have since filed a "Motion for Relief from Deadline Re Class Certification" (Dkt. # 55).

[4] Plaintiffs did not file a response to defendants' first motion to seal (Dkt. # 16), and in response to defendants' second motion to seal (Dkt. # 33), plaintiffs stated that they do not oppose the motion. Dkt. # 45 at 2.

ORDER REGARDING MOTION
TO REMAND - 2

### III. REMAND

Plaintiffs have moved to remand the case for lack of jurisdiction. Defendants contend that the SAC is removable under the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(d), 1453, 1711–1715 ("CAFA").[5] Dkt. # 1 ¶ 9. Plaintiffs argue that federal jurisdiction under CAFA does not lie for two reasons: (1) the CAFA numerosity requirement, 28 U.S.C. § 1332(d)(5)(B), has not been met; and (2) the "securities exception" to CAFA, 28 U.S.C. §§ 1332(d)(9), 1453(d) applies. Defendants contest both arguments.

**A.   Legal Standard for Removal and Burden of Proof**

CAFA amended § 1332 and added § 1453 to title 28 of the United States Code, and these sections govern federal jurisdiction under CAFA. In particular, there are two key CAFA provisions underlying the parties' dispute in this matter. First, under CAFA, federal jurisdiction exists only where the numerosity requirement is met, i.e., "where the aggregate number of members of a proposed plaintiff class is 100 or more." Benko v. Quality Loan Serv. Corp., 789 F.3d 1111, 1116 (9th Cir. 2015); 28 U.S.C. § 1332(d)(5)(B). Second, Congress excluded certain types of claims from federal jurisdiction under CAFA, including claims regarding "rights, duties (including fiduciary duties), and obligations relating to or created by or pursuant to any security." 28 U.S.C. § 1332(d)(9)(C); 28 U.S.C. § 1453(d)(3). This exclusion is colloquially known as the "securities exception." See, e.g., Eminence Inv'rs, L.L.L.P. v. Bank of New York Mellon, 782 F.3d 504, 505–10 (9th Cir. 2015).

"The party seeking a federal forum has the burden of establishing that federal jurisdiction is proper." Xavier v. Allstate Prop. & Cas. Ins. Co., C12-00920 RAJ, 2012 WL 13024685, at *1 (W.D. Wash. Aug. 29, 2012) (citing Abrego Abrego v. Dow Chem. Corp., 443 F.3d 676, 682–83 (9th Cir. 2006)). The parties appear to agree on who bears the burden of proving the numerosity requirement. See Dkts. # 7 at 5–6, # 17 at 4–5 (discussing the burden of proof). Where a state court defendant removes a putative class action from state court, the defendant

---

[5] Defendants do not assert any bases for removal jurisdiction other than CAFA. See Dkt. # 1 ¶ 9 (citing 28 U.S.C. § 1332(d) and 28 U.S.C. § 1453(b)).

bears the burden of demonstrating that this numerosity requirement has been reached. <u>Abrego Abrego</u>, 443 F.3d at 685–86, 689–90; <u>Serrano v. 180 Connect, Inc.</u>, 478 F.3d 1018, 1020 n.3 (9th Cir. 2007). The parties disagree, however, as to which of them carries the burden of proving that the securities exception to CAFA does or does not apply. <u>Compare</u> Dkt. # 7 at 22 <u>with</u> Dkt. # 17 at 4–5, 16. Although the Ninth Circuit has not specifically addressed whether the removing defendant bears the burden of proving the securities exception, this Court finds the reasoning of <u>Becher v. Nw. Mut. Life Ins. Co.</u>, CV 10-6264 PSG (AGRx), 2010 WL 5138910 (C.D. Cal. Dec. 9, 2010) persuasive.

> Drawing from the Ninth Circuit's analysis in <u>Serrano</u>, the <u>Becher</u> court explained that the language preceding the CAFA provision at issue dictates who bears the burden to prove that provision's existence or absence. <u>Becher</u>, 2010 WL 5138910, at *3. If the provision affirmatively grants or denies jurisdiction, the removing party has the burden to show that the provision does or does not apply. <u>Id.</u> (citing <u>Serrano</u>, 478 F.3d at 1020 n.3). For example, § 1332(d)(5), provides that CAFA jurisdiction "shall not apply" if the conditions in § 1332(d)(5)(A) and (B) are met, and thus, the removing party must show that neither of these conditions are present to establish CAFA jurisdiction. <u>Id.</u> (citing <u>Serrano</u>, 478 F.3d at 1020 n.3). However, if the provision states that **"jurisdiction otherwise exists under [CAFA] but the federal courts either *may* or *must* decline to exercise that jurisdiction,"** then the party seeking remand has the burden to prove that the condition divesting jurisdiction is met. <u>Serrano</u>, 478 F.3d at 1020 n.3. For example, §§ 1332(d)(3) and (d)(4) state that **"[a] district court shall decline to exercise jurisdiction"** if certain conditions are met, so the party seeking remand has the burden to show that one of these provisions applies. <u>Id.</u>
>
> The <u>Becher</u> court concluded that because the language "shall not apply" prefaces § 1132(d)(9), it is "a prerequisite — not an exception — to a federal court's exercise of CAFA jurisdiction that the removing party has the burden of negating." <u>Becher</u>, 2010 WL 5138910, at *3 (citing <u>Madden v. Cowen & Co.</u>, 576 F.3d 957, 975 (9th Cir. 2009) (holding that a similar provision in the Securities Litigation Uniform Standards Act of 1998 is a "prerequisite" rather than an "exception" to federal jurisdiction).

<u>Evergreen Cap. Mgmt. LLC v. Bank of New York Mellon Tr. Co., N.A.</u>, No. CV 20-7561-MWF (AGRx), 2020 WL 6161509, at *3 (C.D. Cal. Oct. 20, 2020) (summarizing <u>Becher</u>'s

ORDER REGARDING MOTION
TO REMAND - 4

analysis). The Court adopts Becher's reasoning and holds that defendants bear the burden to show that the securities exception does not apply to this action.

**B.      CAFA Numerosity Requirement**

As stated above, federal jurisdiction exists under CAFA only "where the aggregate number of members of a proposed plaintiff class is 100 or more." Benko, 789 F.3d at 1116; 28 U.S.C. § 1332(d)(5)(B). The proposed class at issue here is defined as "[a]ll [VoiceBox shareholders] who did not have the opportunity to approve or disapprove the Nuance Transaction and did not release claims relating to the Nuance Transaction." SAC ¶ 4.38. When evaluating a CAFA jurisdictional requirement, a district court may consider whether the requirement is "facially apparent" from the complaint, and if not, the court may consider "summary-judgment-type evidence." Abrego Abrego, 443 F.3d at 690 (quoting Singer v. State Farm Mut. Auto. Ins. Co., 116 F.3d 373, 377 (9th Cir. 1997) (analyizing the amount in controversy requirement)). The Supreme Court has generally characterized a party's burden of proving federal jurisdiction in terms of "preponderance of evidence." See McNutt v. Gen. Motors Acceptance Corp. of Ind., 298 U.S. 178, 189 (1936) (discussing a party's burden to show that federal jurisdiction is appropriate and that he "justify his allegations by a preponderance of evidence"). And "[d]istrict courts have applied the preponderance of the evidence standard to CAFA's 100-person numerosity requirement." Fergerstrom v. PNC Bank, N.A., No. CIV. 13-00526 DKW, 2014 WL 1669101, at *9 (D. Haw. Apr. 25, 2014) (citing Kitazato v. Black Diamond Hospitality Invs., LLC, Civ. No. 09–00271 DAE–LEK, 2009 WL 3824851, at *1 (D. Haw. Nov. 13, 2009); Coit v. Fidelity Assurance Assocs., LLC, No. 08–0285, 2008 WL 3286978, at *4 (N.D. Cal. Aug. 6, 2008)).

Plaintiffs argue that defendants cannot show that the number of potential class members exceeds 100, as required for federal jurisdiction to exist under CAFA. The SAC alleges that the number of potential class members exceeds 30, but it is silent on whether the number exceeds 100. SAC ¶ 4.40. Plaintiff Lin's initial declaration concludes that the total number of potential class members is between 30 and 50. Dkt. # 9 ¶ 9. Lin explains that she arrived at this estimate by comparing "the list of individuals who approved the sale to Nuance or who expressly

ORDER REGARDING MOTION
TO REMAND - 5

released Voicebox's officers and directors with the total Voicebox shareholders known to" her, as well as her "conversations with certain investors." Id. Defendants ask the Court to strike paragraph nine of Lin's declaration as inadmissible.[6] Dkt. # 17 at 6. Plaintiffs' reply does not directly respond to defendants' request to strike Lin's declaration.

Defendant Kenck's declaration asserts that there appear to be 126 potential class members. Dkt. # 18 ¶¶ 6–8. Attached to Kenck's declaration is a copy of a VoiceBox capitalization table that led him to conclude that approximately 167 separate entities and individuals held VoiceBox stock. Dkt. # 19. Also attached to Kenck's declaration are the written consents of 41 individual shareholders who approved the VoiceBox merger. Dkt. # 20. Based on these numbers, Kenck concluded that 126 of the 167 shareholders (167 – 41 = 126) "did not have the opportunity to approve or disapprove the Nuance Transaction" for purposes of the class definition, and to the best of Kenck's knowledge, none of these 126 shareholders "executed a release of all claims relating to the Nuance Transaction." Dkt. # 18 ¶ 13.

Plaintiffs' reply that defendants' calculation is incorrect because at least some of the 126 shareholders were employees who executed releases of claims against VoiceBox, such that they would not fall within the second half of the class definition (i.e., they "did not release claims relating to the Nuance Transaction"). Dkt. # 28 at 5–6. Lin's supplemental declaration offers the example of her son, who was included in defendants' calculation of the 126 potential class

---

[6] Defendants cite Federal Rule of Evidence 602 and 612 for their request to strike. Dkt. # 17 at 6. Rule 602 provides that a witness may only testify to a matter "if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Fed. R. Evid. 602. Defendants argue that Lin has not adequately demonstrated that she has personal knowledge. See Dkt. # 17 at 6 ("Lin does not indicate that she, 1) has or ever has had any personal knowledge of the total number of investors in VoiceBox; 2) knows their identity; or 3) has any personal knowledge as to which investors had the 'opportunity' to vote and which did not."). Rule 612 provides that an adverse party has certain options when a witness uses a writing to refresh a memory "while testifying" or "before testifying, if the court decides that justice requires the party to have those options." Fed. R. Evid. 612(a). Generally, an "adverse party is entitled to have the writing produced at the hearing, to inspect it, to cross-examine the witness about it, and to introduce in evidence any portion that relates to the witness's testimony." Fed. R. Evid. 612(b). It is unclear how Rule 612 would apply here to a written declaration, and defendants have not adequately explained Rule 612's application here.

ORDER REGARDING MOTION
TO REMAND - 6

members even though, according to Lin's understanding, her son signed a release of all claims. Dkt. # 29 ¶ 10. Lin does not name any other specific individuals who signed releases, but rather explains that based on her conversations with other employee shareholders, she is generally aware "that many or perhaps most Voicebox employees intended to sign the releases to obtain bonuses," and because the capitalization table defendants rely upon includes many employee shareholders, Lin concludes that defendants are improperly counting potential class members. Dkt. # 29 ¶ 11. In their surreply, defendants ask the Court to strike portions of Lin's supplemental declaration for improperly introducing new arguments in their reply brief and for being inadmissible. Dkt. # 31. In the event the Court denies defendants' request to strike, defendants argue that they should be given an opportunity to respond to the new arguments and evidence offered in plaintiffs' reply, and they submitted a supplemental declaration by Kenck to support their position that the number of potential class members exceeds 100. Dkt. # 32.

      Defendant Kenck's supplemental declaration explains that he did not understand the second half of plaintiffs' class definition until Lin's supplemental declaration. Dkt. # 32 ¶¶ 5–6. After reviewing his records of the VoiceBox employees who were presented with the releases Lin referenced, Kenck determined that 15 of the 126 shareholders defendants previously identified signed releases that would exclude them from being members such that the new total number of potential class members is 111. Dkt. # 32 ¶¶ 7–11. Contrary to Lin's understanding, defendants' records did not indicate that Lin's son, Jason, executed a release. Dkt. # 32 ¶ 12.

      Because the Court rules that remand is appropriate on the basis of the CAFA securities exception, <u>see</u> <u>infra</u> Section III.C, it is not strictly necessary to rule on whether defendants met their burden in proving numerosity, and the Court need not determine whether to strike portions of Lin's initial or supplemental declarations. That said, assuming, *arguendo*, that the Court does not strike Lin's declarations,[7] defendants' evidence has nevertheless persuaded the Court that,

---

[7] Because Lin's supplemental declaration filed with plaintiffs' reply contained new evidence, the Court considers Kenck's supplemental declaration filed by defendants with their surreply so as to provide defendants with an opportunity to respond to this new evidence. <u>Provenz v. Miller</u>, 102 F.3d 1478, 1483 (9th Cir. 1996) (giving the non-movant an opportunity to respond to new evidence in a

ORDER REGARDING MOTION
TO REMAND - 7

more likely than not, the number of potential class members exceeds 100. Lin's supplemental declaration refers vaguely to there being "many" employee shareholders who signed releases, and she appears to base her knowledge for this on "converations with other employees at the time everyone was asked to sign releases," and her awareness that many employees "*intended* to sign the releases." Dkt. # 29 ¶ 11 (emphasis added). Lin offers no documentation supporting her accounting of the number of potential class members,[8] nor did she even offer the specific numbers she used in calculating her initial estimate of 30–50 members. Defendants, in contrast to Lin's fuzzy estimations, offer an estimate based on numerous records they submitted to the Court concerning the number of shareholders, the number of employee shareholders, and the number of individuals who actually signed releases. Dkts. # 18–22, # 31–32. The Court finds that defendants have met their burden in proving the numerosity requirement by a preponderance of the evidence.

## C. CAFA Securities Exception

Congress excluded the following claims from removal jurisdiction under CAFA: claims regarding "rights, duties (including fiduciary duties), and obligations relating to or created by or pursuant to any security." 28 U.S.C. § 1453(d)(3); see also 28 U.S.C. § 1332(d)(9)(C). Here, plaintiffs allege two claims against defendants: breach of fiduciary duties claims based on their ownership of VoiceBox securities, and violations of the Washington State Securities Act, which are also based on their ownership of VoiceBox securities. SAC ¶¶ 5.1–6.11. Plaintiffs' position is that the securities exception applies, and therefore, CAFA does not confer federal jurisdiction. Defendants present four arguments for their position that federal jurisdiction exists under CAFA:[9] (1) VoiceBox is not nationally traded and therefore does not qualify as a "security" for

---

moving party's reply by considering the evidence the non-movant submitted in a supplemental declaration).

[8] Lin did attach an example of an unsigned employee release agreement that she believes many employee shareholders signed, Dkt. # 29-1, but this document did not include any information reflecting the number of potential class members.

[9] The Court has already rejected defendants' "futility of remand" argument in its Order granting plaintiffs' motion for relief from briefing deadlines associated with other motions by the defendants

ORDER REGARDING MOTION
TO REMAND - 8

purposes of the securities exception; (2) plaintiffs' claims "are based on the value of the securities due to fraud, as opposed to their rights as holders of the securities," Dkt. # 17 at 8, such that the securities exception does not apply; (3) plaintiffs allege an unexcepted aiding and abetting claim that confers CAFA jurisdiction over the entire case; and (4) interpreting the securities exception narrowly here comports with congressional intent. Defendants' arguments, examined below, are unpersuasive.

### 1. VoiceBox's Qualification as a "Security"

The securities exception employs a broad definition of what qualifies as a "security." 28 U.S.C. §1453(d)(3) (incorporating the definition of "security" at 15 U.S.C. § 77b(a)(1)); 15 U.S.C. § 77b(a)(1) ("The term 'security' means any . . . stock . . . or, in general, any interest or instrument commonly known as a 'security . . .'"). Defendants ironically accuse plaintiffs of "misquot[ing] and oversimplify[ing]" the securities exception when defendants are the ones who quote selectively from 15 U.S.C. § 77b(a)(1) in an attempt to suggest textual support for an unsound position. Dkt. # 17 at 7. In particular, defendants quote the "security" definition in an attempt give the impression that only nationally traded securities qualify: "15 U.S.C. § 77b(a)(1) defines the term 'security' as 'any note, stock, treasury stock, security future […] put, call, straddle, option, or privilege *entered into on a national securities exchange*[.]'" Dkt. # 17 at 8. The definition of "security" does not end with the phrase "entered into on a national securities exchange," however. The full definition of security is set forth below:

> The term "security" means *any* note, *stock*, treasury stock, security future, security-based swap, bond, debenture, evidence of indebtedness, certificate of interest or participation in any profit-sharing agreement, collateral-trust certificate, preorganization certificate or subscription, transferable share, investment contract, voting-trust certificate, certificate of deposit for a security, fractional undivided interest in oil, gas, or other mineral rights, *any* put, call, straddle, option, or privilege on any security, certificate of deposit, or group or index of securities (including any interest therein or based on the value thereof), *or any* put, call,

---
("Motion to Transfer Venue" (Dkt. #26) and "Motion to Dismiss" for failure to state a claim (Dkt. #27)). Dkt. # 47 at 3 n.1.

ORDER REGARDING MOTION
TO REMAND - 9

> straddle, option, or privilege entered into on a national securities exchange relating to foreign currency, *or, in general, any interest or instrument commonly known as a "security", or any* certificate of interest or participation in, temporary or interim certificate for, receipt for, guarantee of, or warrant or right to subscribe to or purchase, any of the foregoing.

15 U.S.C. § 77b(a)(1) (emphasis added). Per the "rule of the last antecedent," "a limiting clause or phrase . . . should ordinarily be read as modifying only the noun or phrase that it immediately follows." Lockhart v. United States, 577 U.S. 347, 351 (2016) (quoting Barnhart v. Thomas, 540 U.S. 20, 26 (2003)). The phrase "entered into on a national securities exchange" immediately follows "or any put, call, straddle, option, or privilege." The phrase does not immediately follow "stock." Additionally, using the word "any" before "put, call, straddle, option, or privilege entered into on a national securities exchange relating to foreign currency" where "any" is already used at the beginning of the definition ("*any* note, stock . . .") and to separate other items in the list (e.g., "*any* put, call, straddle, option, or privilege on any security, certificate of deposit, or group or index of securities (including any interest therein or based on the value thereof)" and "*any* certificate of interest or participation in, temporary or interim certificate for, receipt for, guarantee of, or warrant or right to subscribe to or purchase, any of the foregoing") signals that the text that follows stands apart from the items listed at the very beginning. It would therefore make little sense to apply the phrase "entered into on a national securities exchange" to those earlier items. Moreover, the subsequent inclusion in the list of "in general, any interest or instrument commonly known as a 'security,'" without any qualifier regarding the national securities exchange, demonstrates that defendants' interpretation is untenable. Furthermore, the Supreme Court has previously held that a stock in a closely held corporation like VoiceBox qualifies as a "security" under 15 U.S.C. § 77b. Landreth Timber Co. v. Landreth, 471 U.S. 681, 684–87 (1985); Gould v. Ruefenacht, et al., 471 U.S. 701, 704–06 (1985). VoiceBox stock constitutes a "security" for purposes of the securities exception, and defendants' argument to the contrary is not convincing.

ORDER REGARDING MOTION
TO REMAND - 10

### 2. Relationship of Plaintiffs' Claims to Rights, Duties, and Obligations Related to VoiceBox Securities

Defendants also argue that the securities exception applies "only to suits asserting that the promises made in securities themselves have not been honored . . . not [to] suits asserting fraud or other misconduct in the context of the sale of securities." Dkt. # 17 at 8. Defendants cite the following case for this position: <u>Zakinov v. Ripple Labs, Inc.</u>, 369 F.Supp.3d 950, 962 (N.D. Cal. 2019) (citing <u>Estate of Pew v. Cardarelli</u>, 527 F.3d 25, 31–33 (2d Cir. 2008)). Although the <u>Zakinov</u> court rather broadly stated that the securities exception "does not apply to suits asserting fraud or other misconduct in the sale of securities," <u>Zakinov</u>, 369 F.Supp.3d at 962, the reasoning was more narrow than defendants seem to suggest. The <u>Zakinov</u> court applied the Second Circuit's <u>Cardarelli</u> decision to conclude that the securities exception did not apply to a complaint where plaintiffs were seeking to represent a class based on their status as security *purchasers* rather than as security *holders*. <u>Id.</u> at 962–63. The <u>Zakinov</u> court acknowledged that <u>Cardarelli</u>'s "key distinction was whether the plaintiffs were seeking to enforce their rights as holders of the certificates or purchasers of the certificates." <u>Id.</u> at 962. <u>Cardarelli</u> involved plaintiffs who alleged that the securities they purchased were "fraudulently marketed by an insolvent enterprise," <u>Cardarelli</u>, 527 F.3d at 31–32, and <u>Zakinov</u> involved misconduct regarding the sale of unregistered securities to a class of "all purchasers of" a security, but "not all holders of" the security. <u>Zakinov</u>, 369 F.Supp.3d at 962. Neither case involved enforcement of the rights of the security holders "as holders." <u>Id.</u>

Here, however, plaintiffs are asserting their rights as holders of VoiceBox stock, not as purchasers. Plaintiffs allege two claims against defendants: breach of fiduciary duties claims based on their ownership of VoiceBox securities; and violations of the Washington State Securities Act, which are also based on their ownership of VoiceBox securities. See SAC ¶¶ 5.1–6.11 (e.g., defendants "did not act in the financial interest of the *shareholders* in transferring, or facilitating the transfer of, shares of Voicebox to closely-related parties," they "actively concealed material information from plaintiffs about the true, fair value of *their*

*securities.*" (emphasis added)). The securities exception includes causes of action "based on rights, duties (including fiduciary duties), and obligations relating to or created by or pursuant to any security." 28 U.S.C. § 1453(d)(3). And applying the CAFA securities exception here is consistent with current precedent. See Eminence Inv'rs, L.L.L.P., 782 F.3d at 510 (applying securities exception to an action for breach of fiduciary duty, negligence, unjust enrichment, and violation of California's unfair business practices statutes, finding that "[t]o hold that the securities exception does not apply to such causes of action would run counter to the statute's text, which expressly includes causes of action based on 'fiduciary duties'"). The Court finds that the CAFA securities exception applies such that CAFA cannot support federal jurisdiction for this matter.

### 3. Existence of Unexcepted Aiding and Abetting Claim

Defendants next argue that CAFA provides federal jurisdiction because the SAC contains "both an excepted claim and an unexcepted claim." Dkt. # 17 at 9 (citing Dominion Energy, Inc. v. City of Warren Police and Fire Retirement System, 928 F.3d 325, 338 (4th Cir. 2019)). Defendants contend that the "unexcepted claim" here is that CEO of Nuance, Paul Ricci, "aided and abetted" defendants. Dkt. # 17 at 9–10. As plaintiffs correctly point out, however, they have not actually asserted an aiding or abetting claim. SAC ¶¶ 5.1–6.11. Defendants' attempt to conjure an unexcepted claim where none exists is not well taken.

### 4. Congressional Intent

Defendants also argue that it would be more consistent with the overall purpose and objectives of CAFA to construe the security exception as inapplicable to the present action. The Supreme Court has explained that CAFA's "provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant." Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 89 (2014) (discussing legislative history and quoting S. Rep. No. 109–14 at 43 (2005)). The Ninth Circuit has cited the Senate Report on CAFA for its explanation that "because interstate class actions typically involve more people, more money, and more interstate commerce ramifications than any other type of lawsuit, the Committee firmly believes that such cases properly belong in

ORDER REGARDING MOTION
TO REMAND - 12

federal court." Jordan v. Nationstar Mortg. LLC, 781 F.3d 1178, 1182 (9th Cir. 2015) (quoting S. Rep. No. 109-14 at 5). Defendants maintain that the present action is one with "interstate commerce ramifications," because there are potential class "members spread across 'Washington, the United States, and Taiwan' (SAC, ¶ 4.40) and claims arising out of the Merger between two high-tech Delaware corporations with respective headquarters in Washington and Massachusetts (SAC, ¶¶ 2.9 & 2.10)." Dkt. # 17 at 12. Plaintiffs disagree, and characterize the case as one of "chiefly local import." Dkt. # 28 at 12. Given that the present action involves state law claims relating to ownership of stock in a company headquartered in Washington and defendants' misconduct as fiduciaries under Washington law, the Court agrees with plaintiffs.

In sum, the Court rejects all of defendants' arguments and concludes that the securities exception to CAFA applies, and there is no proper basis for removal. Accordingly, plaintiffs' motion to remand (Dkt. # 7) is GRANTED.

### IV. AWARD OF FEES AND COSTS

Plaintiffs request an award of fees and costs in connection with remanding this action to King County Superior Court. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). According to the Ninth Circuit, "[a]bsent unusual circumstances, a court may award costs and attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Grancare, LLC v. Thrower by & through Mills, 889 F.3d 543, 552 (9th Cir. 2018). Where it is "obvious" that the removing party cannot prove facts sufficient to justify removal, an award of fees and costs will be upheld. Id.

Plaintiffs contend that it is obvious both that the potential plaintiff class contains less than 100 individuals and that the claims here arise out of plaintiffs' ownership of securities. Dkt. # 7 at 25. Plaintiffs' first argument, regarding the numerosity requirement, is easily dispatched. Defendants have presented credible evidence in the form of Kenck's declarations that demonstrates that defendants had an objective basis for believing that the numerosity requirement was met. Dkts. # 18, # 32.

ORDER REGARDING MOTION
TO REMAND - 13

As for the securities exception, in the section of defendants' response regarding plaintiffs' request for an award of fees and costs, defendants assert that *plaintiffs* did not carry their burden of proving an applicable exception to CAFA. Dkt. # 17 at 16. As discussed above, <u>supra</u> Section III.A., the Court holds that it is *defendants*' burden, as the removing party, to show that the securities exception does not apply. Nevertheless, defendants had an objectively reasonable basis for their position that plaintiffs bore the burden of proof regarding the securities exception, given that the Ninth Circuit has not yet addressed the issue directly, and the general rule is that the party seeking remand must prove the applicability of "exceptions" to the exercise of jurisdiction. <u>Serrano</u>, 478 F.3d at 204. And while some of defendants' arguments regarding the application of the securites exception were off-base, e.g., their argument that VoiceBox does not qualify as a "security" for purposes of CAFA's securities exception, the Court finds that defendants had an objectively reasonable basis for seeking removal.

Plaintiffs also offer an alternative argument for an award of fees and costs. Plaintiffs' alternative argument is based upon <u>Moore v. Permanente Med. Grp., Inc.</u>, 981 F.2d 443, 447 (9th Cir. 1992). Although plaintiffs interpret <u>Moore</u> as standing for the proposition that courts may impose an award of fees and costs where a "dilatory purpose is manifest on the face of the record," Dkt. # 7 at 26, a careful reading of <u>Moore</u> reveals that it stands instead for the principle that where a defendant's right to remove has been waived by acts submitted to the jurisdiction of the state court, it is not an abuse of discretion to award attorney's fees for resisting removal. <u>Moore</u>, 981 F.3d at 447–48 (citing cases regarding the waiver principle). Given that plaintiffs did not assert a class action until the SAC was filed on June 5, 2020, and that CAFA only applies to class actions, defendants' right to remove under CAFA was not relinquished by defendants' previous litigation of their Rule 12 motion in King County Superior Court, Dkt. # 8-1 at 43–64, which predated plaintiffs' SAC. Defendants did not waive their right to remove under CAFA.

Plaintiffs' request for an award of fees and costs is DENIED.

## V. CONCLUSION

For all of the foregoing reasons, IT IS HEREBY ORDERED THAT,

(1) Plaintiffs' "Motion to Remand to State Court" (Dkt. # 7) is GRANTED.

(2) Plaintiffs' request for an award of fees and costs (Dkt. # 7) is DENIED.

(3) Defendants' "Motion to Transfer Venue" (Dkt. # 26), "Motion to Dismiss" for failure to state a claim (Dkt. # 27), "Motion to File Over-Length Motion to Dismiss" (Dkt. # 15), and plaintiffs "Motion for Relief from Deadline Re Class Certification" (Dkt. # 55) are DENIED as moot.

(4) Defendants' motions to seal (Dkts. # 16, # 33) are GRANTED.

DATED this 29th day of June, 2021.

Robert S. Lasnik
United States District Judge